(No. 19319.—

THE AMERICAN CAR AND FOUNDRY COMPANY, Plaintiff in
Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARIE
HUBKA, Defendant in Error.)

*Opinion filed June 19, 1929.*

WHEELER & OEHMKE, (WILLIAM C. DUNHAM, of counsel,) for plaintiff in error.

WESLEY LUEDERS, (R. W. GRIFFITH, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

A petition for compensation was filed with the Industrial Commission for the death of Joe Kupka on account of injuries received in the plant of plaintiff in error, the American Car and Foundry Company, at Madison, Illinois. Upon a hearing the arbitrator held that the petitioner was not entitled to compensation. This was affirmed by the Industrial Commission. The circuit court of Madison county set aside the finding and made a finding in favor of the petitioner for $3750, and the case comes to this court upon a writ of error.

The deceased was employed under the name of Joe Kupka. He was known by no other name and had no alias, as far as was known. On May 22, 1923, the day he was injured, he told the employment agent of plaintiff in error that he was a single man, although the record of plaintiff in error made at the time he was employed shows that he was married. He was paid compensation for his injuries on the theory that he was a single man, and after his death, on October 4, 1923, plaintiff in error paid $150 for funeral expenses, as provided in the Compensation act. On March 19, 1924, a petition for compensation was filed with the Industrial Commission in the name of Marie Kupka, the widow, and Tom and Orsula Kupka, the children, who reside in Poland. It was signed in their names by Wesley Lueders as their attorney. Plaintiff in error claims that this application was the first and only claim made upon it for compensation. On February 4, 1927, at the hearing before the arbitrator the petitioners were not present but Lueders appeared and claimed to be their attorney. He asked leave to amend the petition by striking out the names of Tom and Orsula Kupka as petitioners, leaving Marie Hubka as the sole petitioner. He stated that Marie Hubka was an alias for Marie Kupka. Plaintiff in error objected to the amendment upon the grounds that the claim was

founded on the petition and the amendment would affect the whole proceeding; that any action for the benefit of persons living outside of the United States must, under the statute, be brought and maintained by the personal representative of the deceased employee. The objections were overruled and the petition was amended.

It was stipulated that Joe Kupka and plaintiff in error were operating under the Compensation act at the time of the injury, which arose out of and in the course of his employment; that his average weekly wage was $19.08; that he was paid compensation amounting to $39.60, and that after his death, on October 4, 1923, plaintiff in error paid $150 for funeral expenses.

On the question of the authority of Lueders to file the petition, he testified that after the death of Kupka he received a letter from the Polish consul in Chicago asking him to investigate the death, which letter was lost. Objection was made and sustained to the contents of the letter on the ground that sufficient foundation was not laid for the introduction of secondary proof. He testified that some weeks after receiving this letter he went to Chicago and had an interview with the consul, in which he reported the result of his investigation. He started to tell what the consul advised him to do, but an objection was made and sustained on the ground that the conversation was not in the presence of plaintiff in error. He testified that on the instructions of the consul he filed the petition for compensation in the name of the beneficiaries and made arrangements to secure a power of attorney from them. An objection was sustained to this statement.

Lueders offered in evidence a power of attorney dated April 7, 1924, and signed by the three original petitioners, which appointed the consul general of the republic of Poland in Chicago as their attorney in fact, "to manage our affairs and transact all business of whatever kind soever in

which we are or may be interested or concerned, as fully to all intents and purposes as ourselves if present there in person could do. * * * To prosecute, defend and protect our rights in all matters wherein we may be in any manner concerned as plaintiff, defendant or otherwise, * * * hereby ratifying and confirming all that said attorney or his substitute shall lawfully do or cause to be done by virtue thereof." Plaintiff in error objected to this power of attorney on the ground that there was no proof that it was executed by anyone who was a claimant in the case, but the objection was overruled.

The deposition of Marie Hubka was offered in evidence, in which she testified that she was the legal wife of Joseph Hubka, alias Joseph Kupka; that after her marriage to Joseph Hubka, alias Joseph Kupka, she was never divorced from him and never married anyone else; that her husband left her for America twenty-two years ago and she had not seen him since; that she had received letters from him three or four times each year since that time but the letters had been lost; that she could produce only one envelope, but she did not produce it; that her husband resided some place in Illinois; that the last time she heard from him was in September and she learned in November of his death; that he sent her money from America during his lifetime four or five times, and even more, each year.

It is contended by plaintiff in error that the claim for compensation was not made as required by statute, and that the judgment of the circuit court was not authorized by law; that the petition filed by Lueders was not sufficient as a statutory claim because he was not authorized to make the claim; that he did not have any authority directly from the supposed beneficiaries and did not claim to have such authority; that the only evidence of his authority was his testimony as to what took place between him and the Polish consul in Chicago; that this evidence was incompetent to show authority; that his statement that his letter from the

Polish consul had been lost did not warrant parol evidence of the contents of the letter, and what was said between him and the consul not being in the presence of plaintiff in error was incompetent; and that therefore there is no competent proof that Lueders was authorized to make any claim for compensation, and without such proof the applicant must fail. It is also insisted that the power of attorney was improperly admitted in evidence.

The making of a claim for compensation within six months after the injury or death is jurisdictional and is a condition precedent to the right to maintain the proceeding. This failure to make the demand is not waived by a failure to make an objection on the hearing before the arbitrator, before the Industrial Commission or in the circuit court. (*Ridge Coal Co.* v. *Industrial Com.* 298 Ill. 532.) In cases of this kind the rules with reference to the admission of evidence and the burden of proof are the same as in common law actions for personal injuries. (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.) Before the claimant can recover he must establish, by a preponderance of the competent evidence, all the facts necessary to justify an award. *Merritt* v. *Industrial Com.* 322 Ill. 160.

In *Northwestern Malt Co.* v. *Industrial Com.* 313 Ill. 534, the beneficiaries lived outside of the United States and the proceedings were begun by an administrator. There was no proof that the party filing the petition had authority from the widow, children or the administrator to represent them. It was held that the claim for compensation must be made by the party entitled to the compensation or by or through some person authorized as agent or attorney, and that a demand made by one who is purely a volunteer is not such a demand as can be recognized as legal and binding upon the employer who is to pay the compensation.

In *Neenan* v. *Industrial Com.* 329 Ill. 48, an attorney made a demand for compensation. The claimant lived in a foreign country and the attorney was not expressly au-

thorized by the claimant to present the claim. This court held that the claim required to be made within six months, as provided by section 24 of the statute, is sufficient when made by an attorney within the required time, although the attorney, because the claimant lives in a foreign country, was not expressly authorized by the claimant to present the claim before he did so, where the action of the attorney is ratified by the claimant, though the ratification was not received until after the six months had expired and after the hearing before the arbitrator.

In *Matwiczuk* v. *American Car and Foundry Co.* 155 N. W. (Mich.) 412, the claim or demand was made by an attorney at the instance of a brother of the widow, who resided in Poland. She executed a power of attorney to her brother, which did not reach the brother until after the expiration of the six months' period for making the claim. The Supreme Court of Michigan affirmed the award and held that although the attorney gave notice to the company of the accident and death of the deceased and made the demand for the widow without her knowledge or authority, such notice and demand were legal because ratified by the widow by the execution of the power of attorney authorizing the acts of the brother in acting for her. The court said: "In the opinion of the board the provision of the Compensation law relative to making claims for compensation should not be technically construed, and that the communication which was sent to the employer in the case was sufficient to fairly apprise it of the fact that compensation was claimed for the death of the decedent. The essential function to be performed by the notice of the claim for injury under this law is to bring home to the employer, at some time within six months after the accident, knowledge of the fact that a claim for compensation therefor is being asserted." This case was cited by this court with approval in *Neenan* v. *Industrial Com.* *supra.*

In *Kottari* v. *Empire Iron Casualty Co.* 186 N. W. 400, upon the death of the employee an attorney filed a claim, apparently without authority from the widow, who lived in Finland. Later on, the widow sent a power of attorney to another party in Michigan disputing the authority of the attorney who filed the claim in her behalf. This power of attorney arrived after the time for making claim had expired, and thereupon the company set up the Statute of Limitations as a defense. The court held that the claim of the unauthorized attorney was sufficient and the claim was allowed.

In 21 R. C. L. (sec. 99, p. 919,) it is said: "If one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as an agent of the latter, even though without any precedent whatever, if the person in whose name the act was performed subsequently ratified or adopted what has been done, then the ratification relates back and supplies the original authority to do the act." This court recognized this rule of law in *Hefner* v. *Vandolah*, 62 Ill. 483, and cited Story on Agency as authority.

It is not necessary that a ratification be express. It may be proved by circumstances or be inferred from acquiescence after ratification. (*Connett* v. *City of Chicago*, 114 Ill. 233.) In 2 Corpus Juris, 1307, it is said: "A foreign consul, without specific authority, has the general right to protect the rights and property of persons of his nationals within the jurisdiction of his consulate, and he may bring suit for such purpose without any special authority from the parties in interest." In *Ljubich* v. *Western Cooperage Co.* 184 Pac. 551, an attorney instituted suit in the name of a resident of Austria-Hungary to recover damages under the Oregon Employer's Liability act. The attorneys for the defendant filed a motion to require the plaintiff's attorney to produce his authority. The attorney for the plaintiff filed an affidavit, in which he alleged that the suit

had been instituted pursuant to instructions from the consul general representing Austria-Hungary. The question at issue was the right of the consul general to authorize an action to be commenced in the name of a national without express authority from the person named as plaintiff, and it was held that he became *ex-officio* attorney in fact for any of his non-resident nationals having no other representative in this country. In *Vujic* v. *Youngstown Sheet and Tube Co.* 220 Fed. 390, it was held that a foreign consul had authority, by virtue of his office, to bring suit in the name of a widow who was a resident of Austria-Hungary, and that the consul was qualified to receive the payment of the sum awarded without a power of attorney.

Under these authorities the consul general in Chicago had authority to begin this suit. After the petition was filed the beneficiary executed a power of attorney appointing the consul general to represent her in all matters with reference to her property. There is no merit in the contention that the power of attorney only authorized acts to be done in the future. It not only authorized acts to be done in the future, but by its execution the beneficiary ratified whatever acts had been done prior to its execution. The beneficiary made a deposition which was admitted in evidence, and this was a sufficient ratification by her of the acts of her attorney. The petition was filed within the time provided by statute, the arbitrator properly allowed the petition to be amended by changing the name of the widow and striking out the names of the two children as beneficiaries, and the power of attorney was properly admitted in evidence.

Plaintiff in error insists that the circuit court was in error in holding that the finding of the Industrial Commission was contrary to the manifest weight of the evidence. In support of this contention it is urged that the evidence of the claim for compensation was very meager and was all incompetent; that the deceased at the time of his in-

jury was single; that he lived for several months after his injury and said nothing about having a wife or children; that after his death no information came to plaintiff in error that there was a widow for almost six months, when application for compensation was filed; that the widow testified she had not seen her husband for twenty-two years; that she had had many letters from him but was not sure of his address; that evidence as to the identity of Marie Hubka, and her relations, if any, to the deceased, is lacking; that there is nothing to show that the deceased was known by any other name, and that the weight of the evidence, particularly on the question of a demand, was such that the commission rightfully affirmed the decision of the arbitrator.

There is evidence that the deceased was of Polish nationality and that he only spoke the Polish language. The records of the plaintiff in error show that at the time he was employed he was a married man. The testimony of the employment agent of plaintiff in error was that at the time the deceased was employed he stated that he was a married man. The widow testified that she was the legal widow of Joseph Hubka, alias Joseph Kupka; that her husband had come to America and was residing some place in Illinois; that she heard from him several times a year; that she heard from him the last time in September and heard of his death in November; and that he sent her money during his lifetime at least four or five times, and even more, each year. When the depositions were taken it was stipulated that the deposition of Marie Kupka, alias Marie Hubka, was to be taken. The appointment of the judge of the county court of Tyczyn, Poland, as a commissioner, contained the statement that the deposition of Marie Hubka, alias Marie Kupka, was to be taken. The cross-interrogatories prepared by the attorneys for plaintiff in error were headed with the caption, "Cross-interrogatories to be propounded to Marie Kupka, alias Marie Hubka."

In answer to these cross-interrogatories the widow continually and repeatedly referred to her husband as Joseph Hubka, alias Joseph Kupka. These answers were received in evidence without objection from plaintiff in error. Where an attorney is counsel of record for his client, his agreements and stipulations made in the conduct and management of the litigation must be considered as the agreement of his client, and if any of his acts are without sufficient authority as between him and his client, the remedy of the client is against the counsel. (*Bergman* v. *Rhodes*, 334 Ill. 137; *Hungarian Benevolent Society* v. *Aid Society*, 283 id. 99.) A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge objections which might have been obviated if made at the trial. (*Bartlow* v. *Chicago, Burlington and Quincy Railroad Co.* 243 Ill. 332.) The record indicates that plaintiff in error recognized the deceased as Joseph Hubka, alias Joseph Kupka, and that all of the parties to the proceeding adopted the identity of the deceased. Under all of the facts in evidence the circuit court was justified in holding that the identity of the deceased had been established and that he was the husband of the claimant.

Plaintiff in error objects to the whole proceeding on the ground that the beneficiary lived outside of the United States and the petition could be filed only by the personal representative of the deceased. The contention is based upon section *7g* of the Compensation act, as amended in 1919, which provides that "in a case where any of the persons who would be entitled to compensation is living at any place outside of the United States, then payment shall be made to the personal representative of the deceased employee. The distribution by such personal representative to the persons entitled shall be made to such persons and in such manner as the commission shall order." The theory of the objection is that the personal representative of the deceased was the person entitled to receive any compensa-

tion that might be due, and therefore the personal representative was the only person who could bring a proceeding therefor.

In *Mississippi River Power Co.* v. *Industrial Com.* 289 Ill. 353, this court had before it section 7*g*, which was section 7*f* in the amendment of 1915, which provided that compensation to be paid for an injury which resulted in death should be paid, at the option of the employer, either to the personal representative of the deceased employee or to his beneficiary, and that a payment to the personal representative should relieve the employer of all obligations as to the distribution of such compensation. It was held in that case that the personal representative mentioned in this provision was the administrator of the deceased or the executor of his will. It was there insisted that the term "personal representative," as provided in section 19 of the act, meant that only the personal representative could present the claim. It was held that the cause of action for the death of a human being was unknown to the common law; that the statutes creating causes of action sometimes provide for the recovery by an administrator and sometimes by the person entitled to receive the damages, but that such provisions are matters purely of statutory regulation; that the estate of a deceased person, under the Compensation act, has no interest in the compensation, and under no circumstances can any part of a compensation be paid for its benefit; that the only time when an administrator can maintain an action is when the statute so provided; and that the Compensation act gives no such exclusive right to the personal representative. Section 19 of the statute as it existed at the time this case was decided is almost identical with the present statute. In *National Zinc Co.* v. *Industrial Com.* 292 Ill. 598, and in *Neenan* v. *Industrial Com. supra*, it was held that an administrator, a beneficiary, an agent, an attorney or an employer might file a petition for compensation, and if an award was made to an adminis-

trator, the compensation was to be distributed pursuant to an order of the court appointing him. Section 7g of the present statute only applies to the payment of the compensation, which must be to the personal representative, and does not prohibit the claim being prosecuted by the beneficiary. The compensation, when paid, must be to the representative of the estate when appointed. In this case such representative would be the public administrator of the county when appointed, and the court was not in error in so holding.

The circuit court in its judgment found that "the petitioner have and recover from the respondent the costs of this *certiorari* proceeding in this court and that judgment be and the same is hereby rendered therefor." In *Nierman* v. *Industrial Com.* 329 Ill. 623, this court held that subsection (*f*) of section 19 of the Compensation act does not authorize the circuit court, on review, to render a judgment directing the payment of the award and to order execution to issue, neither does that section authorize a judgment for the costs of the *certiorari*. The circuit court is only authorized to exercise the powers which the statute confers, and no such power is conferred.

The judgment will be affirmed in all respects except as to that part which renders a judgment for costs of the *certiorari,* and in this respect the judgment will be reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed in part and remanded.*