(No. 22278.—▮▮▮▮▮▮▮▮▮▮)

FLORENCE LEWIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE DEKALB COUNTY TELEPHONE COMPANY *et al.* Defendants in Error.)

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

310

POUST, FISK & MOUDRY, (CASSIUS POUST, and JOHN K. NEWHALL, of counsel,) for plaintiff in error.

THOMAS H. MURRAY, and SMITH & BROWER, for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Florence Lewis, in an application filed with the Industrial Commission, charged that Albro G. Lewis, her husband, suffered an accidental injury while he was employed by the DeKalb County Telephone Company; that the injury was caused by a fall from a telephone pole and that it resulted in Lewis' death. The applicant asked the adjustment of compensation for the injury. The arbitrator awarded her $3750. The Industrial Commission, on review, found that although notice of the accident had been given, no claim for compensation, as required by the Workmen's Compensation act, had been made, and the award was set aside. The circuit court of DeKalb county remanded the cause to the commission. Additional evidence was introduced, but the commission again found that no claim for compensation had been made. The commission also made findings that the employer had furnished first aid, medical and surgical services in part, and that it had paid Lewis' wages to the time of his death. The circuit court confirmed this decision of the Industrial Commission on September 11, 1933. Thereafter, upon the applicant's petition, this court granted a writ of error, and the record is submitted for a further review.

Albro G. Lewis was employed as a lineman by the DeKalb County Telephone Company. On August 11, 1925, while regularly engaged in the performance of his duties, he fell from a tree to the ground, a distance of approximately ten feet. He continued to work until December 20, 1925, when he became ill. His illness was

diagnosed as spinal meningitis and he died on January 27, 1926. Three months later, on April 27, 1926, his widow filed her application for the adjustment of compensation with the Industrial Commission.

Florence Lewis, the plaintiff in error, testified that in compliance with her husband's requests, on December 30, 1925, and January 15, 1926, she sought payment of his wages from Harry A. Joslin, the general manager of the DeKalb County Telephone Company, the predecessor of the DeKalb-Ogle Telephone Company, the other defendant in error. On each occasion she received the sum paid to her husband on the first and fifteenth days of each month. Three days after Lewis' death, the employer paid the remainder of his wages for the month of January, 1926, to the plaintiff in error. Joslin testified that three sums, one for $57.50 and two for $60 each, were paid to the wife; that these sums, the last two following a general increase, constituted Lewis' wages, payable semi-monthly; that it was customary to pay employees during absences from their duties if they were hired by the month, or had been employed for a considerable period of time or were deemed worthy, as Lewis was; that his name remained on the regular pay-roll, and that the plaintiff in error signed the pay-roll upon the receipt of each of the three payments. No receipt for, or statement of, the sums so paid to her was filed with the Industrial Commission.

Dr. Rodney A. Wright testified that on December 20 or 21, 1925, he was called to treat Lewis; that he sent him to a hospital where he found him afflicted with meningitis and that he treated him for that disease; that about January 3, 1926, J. C. Joslin, an officer of the DeKalb County Telephone Company called at his office and inquired about Lewis' condition; that he was assured proper care and attention were given him and that, while the witness had no clear recollection of the conversation, the effect of what Joslin said was that the telephone company would

pay the bills incurred for the care of Lewis. The doctor continued to treat his patient as before. He did not remember whether he had sent a bill for his services, but he added that he had not been paid.

The sole issue presented is whether a claim for compensation was made in conformity with the provisions of the Workmen's Compensation act. To determine this question, a review of the pertinent provisions of that act, as it stood when the accident occurred, is necessary.

Section 24 of the Workmen's Compensation act (Cahill's Stat. 1925, p. 1190; Smith's Stat. 1925, p. 1292) declares that no proceeding for compensation shall be maintained unless claim has been made within six months after the accident, or, in the event that payments have been made under the provisions of the act, unless written claim has been made within six months after such payments have ceased and a receipt therefor or a statement of the amount of compensation paid shall have been filed with the commission. The section concludes with the proviso that, in any case, unless written claim for compensation is filed within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file an application therefor shall be barred. Subdivision (a) of section 8 provides that the furnishing by an employer of first aid medical and surgical services and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury, shall not be construed as an admission of liability on the part of the employer to pay compensation, and that the furnishing of any such services shall not be construed as the payment of compensation.

The making of a claim for compensation within the prescribed period is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute. (*American Car and Foundry Co.* v. *Industrial Com.* 335

Ill. 322; *City of Rochelle* v. *Industrial Com.* 332 id. 386; *Inland Rubber Co.* v. *Industrial Com.* 309 id. 43; *Ideal Fuel Co.* v. *Industrial Com.* 298 id. 463; *Ohio Oil Co.* v. *Industrial Com.* 293 id. 461; *Central Car Works* v. *Industrial Com.* 290 id. 436; *Bushnell* v. *Industrial Board,* 276 id. 262; *Haiselden* v. *Industrial Board,* 275 id. 114). Whether a claim for compensation has been made as required is a question of fact to be determined like any other similar question. (*City of Rochelle* v. *Industrial Com, supra; Inland Rubber Co.* v. *Industrial Com. supra; Bushnell* v. *Industrial Board, supra*). No special form of claim for compensation is prescribed and the claim need not be in writing, but it must apprise the employer that the employee has sustained injuries of such a character as to entitle him to compensation and that a claim therefor will be made. *Ideal Fuel Co.* v. *Industrial Com. supra; Bushnell* v. *Industrial Board, supra.*

There is no evidence in the record that the employer was apprised of any claim for compensation prior to the filing of the application for its adjustment on April 27, 1926, more than six months after the accidental injury. The plaintiff in error contends, however, that the demands for and the payments of her husband's wages constituted a claim for and payments of compensation within the contemplation of section 24. The requests for his wages while he was afflicted with meningitis conveyed no intimation that he asserted any legal right to compensation under the statute for the injury he had sustained on August 11, 1925. These requests were for Lewis' wages and not for compensation for any disability. The employer, according to an established custom in the case of an employee hired by the month or who was deserving, paid the wages which Lewis would have received had he been engaged in the performance of his duties. It is apparent that these payments were made voluntarily and without reference to any provision of the Workmen's Compensation act.

The plaintiff in error requested the semi-monthly payments of wages; they were paid to her and she accepted and receipted for them as such. Compensation was neither demanded nor paid and the claim therefor was not made within the time prescribed by section 24.

The plaintiff in error argues, however, that with respect to the payments of Lewis' wages, the terms "wages" and "compensation" as used in the Workmen's Compensation act are synonymous. To support her argument, she invokes section 10 of the act which provides that the compensation allowed shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury. The argument is without merit for the language of section 10 is free from ambiguity and merely provides a method for measuring or ascertaining the extent of the employer's liability where such liability exists.

It is further argued that the direction of an officer of the DeKalb County Telephone Company to Dr. Wright to attend Lewis and the promise to be responsible for the expense incurred constituted the furnishing of medical, surgical and hospital services and the payment of compensation. The rights of the parties are governed by the law in effect at the time of the injury. (*Stanswsky* v. *Industrial Com.* 344 Ill. 436). Subdivision (*a*) of section 8 of the Compensation act in effect on August 11, 1925, expressly declared that the furnishing of such services should neither be construed as an admission of liability on the part of the employer to pay, nor as the payment of, compensation.

The plaintiff in error has wholly failed to establish that a claim for compensation was made within the period prescribed by section 24 of the Workmen's Compensation act, and accordingly the judgment of the circuit court must be affirmed.

*Judgment affirmed.*