(No. 2305—

ORVILLE D. DENNISON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

E. P. FIELD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

·MR. JUSTICE LINSCOTT delivered the opinion of the court:

From the declaration filed, it appears that on March 18, 1931 the claimant, who was employed by the Highway Division of the State of Illinois, was using a team in leveling off the gravel road on Route 94-B from Little York, Illinois, south to the intersection of Routes 94-B with 94-A. He was operating what was known as a one-man grader or drag with horse power, and while in the performance of his duty, and without any fault of his own, one Dell McGaffin, drove an automobile against the rear end of the grader upon which

claimant was riding, with such force as to knock the claimant to the ground, and he suffered injuries which necessitated him being idle from his work about 11 days, and did some damage to his harness and horses.

Claim was not filed until December 21, 1933. A claim is made in the sum of $1,000.00.

It would appear that the State had notice of this accident, but no claim in writing was made to the State in six months, and no application in writing was filed within the year, as provided by statute, and the Attorney General contends that this court has no jurisdiction to hear the case. It is true that the claimant did sustain some injuries. He settled his case with the party who was the cause of the accident, and took his note for $250.00. Fifty dollars was paid on that note. It now appears that the maker of the note, who also had a third party as a signer thereof, is insolvent.

Whatever power or authority this court has to settle matters of this kind is by virtue of the Workmen's Compensation Act and Section 24 of that Act provides: ''No proceeding for compensation under the Act shall be maintained unless claim for compensation has been made within six months of the date of the accident,'' and provides further, 'that any case, unless written claim for compensation paid is filed within one year after the date of the last payment of compensation, the right to file such application shall be barred.'' In the case of *Crabtree* vs. *State*, we held we were bound by the limitations of the compensation Act. In the case of *Lewis* vs. *Industrial Commission*, 357 Ill. 309, the Supreme Court of this State held that the making of a claim for compensation within the prescribed period is jurisdictional, and a condition precedent to the right to maintain a proceeding under the statute. In that case, the court, on page 312 of the opinion, further held that Section 24 of the compensation Act declared no proceedings for compensation shall be maintained unless claim has been made within six months after the accident, or in the event that payments have been made under the provisions of the Act, unless written claim has been made within six months after such payments have ceased, and further held that this provision of the statute meant that unless written claim for compensation is filed within one year after date of the injury, or within one year after the date of the last payment of

compensation, the right to file application therefor .shall be barred, and cites numerous other authorities to that effect.

The counsel for claimant refers to the equity and good conscience provisions of the Act creating the Court of Claims. We have heretofore had occasion to discuss this feature of the law, and in the case of *Crabtree* vs. *State,* supra, we held the provisions of Paragraph 4 of Section 6 of the Court of Claims Act, with reference to equity and good conscience, merely defines the jurisdiction of the court and does not create a new liability against the State, nor increase or enlarge any existing liability, and limits the jurisdiction of the court to claims under which the State would be liable, in law or equity, if it were suable, and where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure one.

An award in this case will, therefore, be denied.