(No. 2144—

Samuel S. Thompson, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 15, 1935.*

C. S. Miller, for claimant.

Otto Kerner, Attorney General; Carl Dietz, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The claimant, Samuel S. Thompson, had been in the employ of the State of Illinois under the Department of Public

Works and Buildings, Division of Highways, and was engaged in the repair and maintenance of State Bond Route No. 2 near Ullin, in Pulaski County, and while engaged in that employment on the 14th day of August, 1929, while assisting in lifting a steel drum of asphalt from the ground and loading it onto a State truck, the third and fourth fingers of his right hand were caught between the drum and the steel butt of the truck, crushing and mangling them so that the fingers had to be amputated. Notice was immediately given to his superior officer and he was continued in the employ of the State at the rate of $125.00 per month until the 26th day of January, 1933, when he was discharged as an employee of the State.

The State paid all medical bills arising from the injuries, but never paid compensation for loss of two fingers. They filed this claim on April 6, 1933. The Attorney General filed a motion to dismiss this claim, because claimant did not comply with the terms and provisions of Section 24 of the Workmen's Compensation Act of 1911, as amended, because no claim or demand was made upon the State for compensation within six months after the date of the accident, and no application for compensation or declaration of claim was made within one year after this injury or within one year after date of the last payment made by the State to the claimant of any temporary total compensation payable under the Act. The claim was originally filed for $720.00. A subsequent affidavit appears in the file that the claim is $675.00.

The Attorney General makes objection here on the grounds that this court has no jurisdiction to make an award, in this case, and the same should be dismissed for the reason that the record and proof submitted by the claimant fails to show that claimant has complied with the terms and provisions of Section 24 of the Workmen's Compensation Act. Under the statute giving this court jurisdiction in compensation cases, we are bound to determine such cases in accordance with "the rules prescribed in the Act commonly called the Workmen's Compensation Act." We, therefore, have only such powers and jurisdiction as the Industrial Commission would have, were a private employer and not the State involved.

In a very recent case, that of *Lewis* vs. *Industrial Commission, et al*, 357 Ill., 309, the Supreme Court held that the

making of a claim for compensation within the statutory period is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute.

No claim having been filed in this case for approximately three years and nine months after the date of the injuries, we must hold that we have no jurisdiction in the matter.

Motion to dismiss this claim will, therefore, be sustained.