(No. 2437— )

A. G. FLEMING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 16, 1935.*

JAMES O. MILLER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On December 30, 1930 claimant was an employee of the State of Illinois at the Chester State Hospital for the care of convicts. In the course of the performance of his duties, it was necessary for claimant to remove a convict named Schultz. When the claimant entered Schultz' cell, he was struck on the head with a receptacle, inflicting a scalp wound on the top of the head, extending over the left ear of claimant to the corner of his left eye, causing a slight brain concussion, and requiring several stitches to close the wound. After a short absence he went back to his position and continued employment until May, 1933, when he was no longer able to do the work.

This claim was not filed until July 18, 1934. Apparently, this claim has some merit, but we must hold that we have no jurisdiction in the matter. In the Court of Claims we are bound within the provisions of the Workmen's Compensation Act, and unless a claim is filed within the time limited by Section 24 of the Compensation Act, we have no jurisdiction.

The Attorney General has made a motion to dismiss for the reason that the claim is barred by the statute. The reason for this ruling is apparent in this case. The records of the institution disclose nothing concerning the case. No report appears to be on file at the hospital.

In the recent case of *Lewis* vs. *Industrial Commission,* 357 Ill. 309, it is held that the making of a claim for compensation within the statutory period is jurisdictional, and a condition precedent to the right to maintain a proceeding under the Compensation Act.

We have repeatedly held that this court is bounded by the provisions of the Compensation Act.

The motion of the Attorney General will, therefore, be sustained.