(No. 2431—)

J: BENJAMIN STOUT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1936.*

O. L. BROWDER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed July 11, 1934 against the State of Illinois, as respondent, claiming compensation under the Workmen's Compensation Act. It appears from the complaint that the claimant on November 21, 1933 was employed by the Illinois Emergency Relief Commission of Work Relief Division in the cities of Champaign and Urbana, Illinois, and was on that date working on a truck owned by the State of Illinois, and was assisting other workmen in delivering sacked flour, and was standing on the rear part of the truck, which was loaded with flour in paper sacks of approximately twenty-five pounds weight per sack; that the driver of the truck caused it to lurch forward with sudden force, which in turn caused a large number of said sacks of flour to slip backward against the claimant, forcing him off the truck and down upon the pavement, and many sacks of flour were piled on top of the claimant.

It appears from the complaint that the claimant did receive serious injury because of this accident, and he alleges that he was not advised at the time of his employment that he was being employed by the Illinois Emergency Relief Commission, being under the impression that he was employed by the Federal Government under what is known as the Civil Works Administration Act and was not advised that he was an employee of the State, but did comply with the provisions of the Act in that he notified his employer, that is, the one who had placed him at work, of his accident at the time of the accident. He was unmarried and had no dependents.

Motion was made by the Attorney General to dismiss on the grounds that the Emergency Relief Commission did not authorize the employment and on the grounds that the claim was not filed within the statutory period. Under the view that we take of the case, it will only be necessary to take in the latter ground.

Section 24 of the Workmen's Compensation Act provides that no proceeding for compensation shall be maintained unless claim has been made within six months after the accident.

Section 6 of the Court of Claims Act gives this court the power to hear and determine the liability of the State for accidental injuries or death suffered in the course of employ-

ment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act," the Industrial Commission being hereby relieved of any duty relative thereto.

Therefore, the provisions of Section 24 of the Compensation Act are pertinent; and it has been frequently held by the Supreme Court of Illinois that the making of a claim for compensation within the prescribed period is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute. (See *Lewis* vs. *Industrial Com.*, 357 Ill. 309 and cases cited therein.)

It is not claimed that the claimant was mentally incapacitated or a minor. Whether or not a claim for compensation has been made as required is a question of fact to be determined like any other similar question, and the fact that he did not know who employed him, would not be grounds upon which we could set aside this statutory requirement, and nothing appears in the complaint to the effect that he ever gave notice to the effect that he intended to make a claim for compensation.

Motion to dismiss will, therefore, be sustained.