(No. 1819—▮▮▮▮)

ELLA H. BRADEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1936.*

JOHN H. SEARING, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed with the Clerk of the Court of Claims on October 22, 1931, and alleges that on February 23, 1931, the claimant was employed at the East Moline State

Hospital at East Moline, Rock Island County, Illinois, a charitable institution, as an attendant, and while so employed on February 23, 1931, and while in the performance of her duties, she was bitten on the little finger on the right hand by a patient known as Bertha Beloy; that the finger so bitten became infected and amputation became necessary, and the right hand has become permanently disfigured, and a claim is filed for the sum of $5,000.00.

The Attorney General filed a motion to dismiss for the reason that no claim for compensation was made until more than six months had elapsed from the time of the injury.

It appears from the files that notice was given in apt time, but attached to the claim is "Exhibit A" which is a notice for a claim for compensation. That claim is dated September 8, 1931; was directed to the Hon. Louis L. Emmerson, Governor of the State of Illinois, and upon the notice is the following language: "Received a copy of the above notice on the 19th day of September, 1931." Although the claim is dated on September 8, 1931, we must hold that the Governor did not receive the notice of claim until the date of his receipt therefor which was the 19th day of September, 1931.

It has been repeatedly held by the Supreme Court of Illinois that the making of a claim for compensation within the prescribed period is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute. (See *American Car and Foundry Co.* vs. *Industrial Com.*, 335 Ill. 322.) Supplement to Angerstein on The Employer and the Workmen's Compensation Act of Illinois, page 675 and cases therein cited.

Whether or not a claim has been made as required, is a question of fact to determine like any other similar question. No special form of claim for compensation is prescribed. The claimant in this case has attached "Exhibit A" as her claim for compensation, and we must assume the date therein mentioned to have been the date that compensation was claimed.

It appears from the petition that petitioner has filed herein, that no claim for compensation was made within six (6) months from the time of the injury, and this court is, therefore, as a matter of law, without jurisdiction, and the motion of the Attorney General must be sustained.