(No. 3246—

JAMES B. SIMPSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1938.*

CLYS PYLE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

The above matter comes before the court on a motion by respondent to dismiss the complaint. Application is made for compensation under the terms of the Workmen's Compensation Act of Illinois, and it appears that the injury in question was sustained on October 30, 1936 and the complaint was not filed until April 22, 1938. The Attorney General contends that as the claim for compensation was not filed within one year after the date of the injury or within one year after the date of the last payment of compensation, the court is without jurisdiction and the claim should be dismissed.

It appears that claimant was engaged as a laborer in the construction of S. B. I. Route No. 139 and while in the performance of his duties, on the 30th day of October, 1936, was struck by a State truck and suffered injury to his right leg; that he was removed to the hospital at Carmi where he received treatment until November 18, 1936. He received further medical attention until December 26, 1936, at which time he was discharged by the attending physician, Dr. Frank C. Sibley, of Carmi, who reported, "I have finished this case; no more treatments necessary." Claimant received temporary compensation of Seven and 50/100 ($7.50) Dollars per week for a period of six (6) weeks, i. e. from October 31, 1936 to December 11, 1936.

We have repeatedly held, in accordance with the decision of our Supreme Court that,

"An application for compensation within the time required by the Act is jurisdictional."

> *Gettinger* vs. *State*, 8 C. C. R. 1;
> *Thompson* vs. *State*, 9 C. C. R. 97;
> *Lewis* vs. *Ind. Comm.*, 357 Ill., 309.

"The Court of Claims shall have power to hear and determine the laibility of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act'; the Industrial Commission being hereby relieved of any duty relative thereto."

Among the rules prescribed by the *Workmen's Compensation Act* are the provisions of *Section 24* which provides:

"*No proceedings* for compensation shall be maintained unless,

1. Notice of the accident is given as soon as practicable and not later than thirty days (fifteen in case of hernia).

2. Unless claim for compensation is made within six months after the accident.

3. Unless application for compensation is filed with the Industrial Commission within one year after the date of injury or within one year after date of last payment of compensation."

Counsel for claimant comments forcibly against the Attorney General resisting the claim at bar—not on its merits but upon the technicality of the law. Neither the Attorney General nor this court can enlarge the jurisdictional rights conferred upon this court by the legislature which established it. We must determine claims for accidental injuries in accordance with the rules prescribed in the Workmen's Compensation Act, and as that Act provides that application for compensation must be filed within one year, etc., no award could be allowed to claimant herein. If the merits of his claim would have entitled him to an award, it is unfortunate that his claim was not presented within a limitation of time that would have permitted this court to grant an award.

The motion of the Attorney General is allowed and the claim is dismissed.