(No. 3398—)

CATHERINE HENDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 9, 1941.*

BEASLEY & ZULLEY, for claimant.

4

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Catherine Henderson on the 20th day of July, 1939, filed her complaint in this Court alleging that she was injured on the 16th day of January, 1939, while employed by the respondent as an attendant at the State Hospital for the Insane at Peoria, Illinois; that in attempting to recapture one of the escaping inmates, she stepped into a hole in the street with her right foot, thereby injuring it to such an extent that she became and remained incapacitated from work; that thereafter she was removed to Cottage 1B in a truck and was later hospitalized where she remained for two weeks under treatment. She says she was totally disabled from work for five months, except ten days for which she received full wages for part time work; that she received in wages, $52.50 per month, plus board, room, and laundry. She states that she has complied with the statute in reference to notice and that on June 21, 1939, through her attorneys, she made a demand upon A. L. Bowen, superintendent of the State Hospital, for compensation under the provisions of the Illinois Workmen's Compensation Act and received in reply a letter from Dr. A. L. Bowen, aforesaid, acknowledging receipt of demand for compensation and stating that claimant might take her claim before the Court of Claims. Copies of said letters were attached to said complaint as Claimant's Exhibits "A" and "B" respectively. Award in the amount of $517.50 was asked. The complaint consists of six paragraphs.

On August 20, 1940, the claimant, through her attorneys, filed a motion for leave to file an amendment to the complaint which motion was allowed by the Court, and on the 23rd day of August, 1940, a purported amendment was filed by simply adding a paragraph numbered 7. This paragraph stated that on October 27, 1938, claimant sustained injuries to her right leg and ankle by stepping in a break in the concrete floor of the dining room at the Peoria State Hospital for Insane at Peoria, Illinois, which she was entering for lunch; that by reason of said injury, the claimant was confined to the hospital of the respondent and was incapacitated for work thereafter until January 8, 1939, when the claimant returned to work.

From the testimony in the record, it appears that claimant was 38 years of age, and resided in East St. Louis, Illinois; that on January 17, 1939, she was employed in State Hospital for Insane at Peoria, Illinois, as a nurse in 1B Cottage which was occupied by insane patients; that on last mentioned date, a telephone call came to said Cottage requesting that someone be sent after an escaping inmate, and she was ordered to capture the inmate. As she was pursuing this patient along the sidewalk of the institution grounds, she was compelled to go around a parked truck in order to pursue said patient. The ground was covered with snow and as she walked she stepped into a hole and fell down. She was unable to get up, having turned her ankle and otherwise injured her right leg. Claimant was taken to the institution hospital where an X-ray film was made of the right ankle. This film revealed no fracture of any bones. The injury was examined by Dr. I. L. Turow on her admission to the hospital, he placing a plaster-of-Paris cast with a walking caliper to hasten recovery. Diagnosis—sprain of ligaments of the right ankle joint.

The record further shows that claimant sustained an injury to the same ankle on October 27, 1938, but sought no medical aid until the 6th day of December, 1938, at which time she reported to Dr. I. L. Turow who examined the ankle and made a diagnosis of bursitis due to an injury sustained some time before. He placed a bandage on the ankle and had her put to bed in the hospital where she remained off duty for 34 days. She made no claim at that time for compensation.

The record further discloses that no claim for compensation was made to anyone regarding the injury of October 27, 1938, until she filed her amended complaint on the 23rd of August, 1940.

No proceeding for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident. (Workmen's Compensation Act, Section 24.)

Making a claim for compensation within the statutory period is jurisdictional and a condition precedent to a right to maintain a proceeding under the Compensation Act. (*Louis* vs. *Industrial Comm. et al*, 357 Ill., 309; *Crabtree* vs. *State of Ill.*, 7 C. C. R., P. 207; *Dennison* vs. *State of Ill.*, 9 C. C. R., P. 82; *Gardner* vs. *State of Ill.*, 9 C. C. R., P. 84.)

The burden of proof was on the claimant to prove by a preponderance of the evidence that notice of the accident and demand for compensation complied with Section 24 of the Workmen's Compensation Act. Having failed to do this, this claim for injury sustained on October 27, 1938, must be dismissed for lack of proper demand.

Inasmuch as we are dismissing this claim for the above reason, it is unnecessary for us to determine whether the claimant was injured "in the course of" her employment.

It appears that at the time of the accident of January 17, 1939, the claimant and respondent were operating under the terms and provisions of Workmen's Compensation Act, and the claimant is therefore entitled to compensation under the terms and provisions of said Act, she having complied with Section 24 of said Act in reference to notice and demand.

The claimant states she is entitled to between one-third and one-fourth permanent partial loss of the use of her right foot.

Dr. Campbell, her treating physician, states (P. 42) that the only remaining symptoms were pain and tenderness, and again on page 41 that "motion is sufficient and muscular power sufficient," and further stated on page 41 "She has an abundance of motion, an abundance of muscular control for a good useful foot." He also stated on page 41 that he felt results, as far as motion and restoration of muscle tone were concerned, were very satisfactory. Dr. C. L. Vanatta, who examined the claimant on behalf of the State, found that the claimant had all motion as to extension, flexion, abduction,

adduction, and circumduction or rotation, and that such motions are both voluntary and involuntary or active and passive, and gave as his opinion that claimant had practically recovered. He also found that claimant's lower limbs were inclined to swell and the left slightly more than the right.

It would seem therefore that in view of all the testimony in the record that the claimant has fully recovered, and that she has no permanent loss of use of her right ankle or foot due to said injury.

The following awards are computed on minimum compensation at Eight Dollars and Eighty-three Cents ($8.83) weekly. The Court is taking into consideration the fact that the Department of Public Welfare considers maintenance to be of the value of Twenty-four Dollars ($24.00) per month which will make claimant's annual salary amount to Nine Hundred Eighteen Dollars ($918.00), which sum divided by fifty-two (52) will give an average weekly wage of Seventeen Dollars and Sixty-five Cents ($17.65), or a compensation rate of Eight Dollars and Eighty-three Cents ($8.83).

The record shows that she suffered temporary total disability commencing on January 17, 1939 to the 15th day of April, 1939, a period of twelve and five-sevenths (12 5/7) weeks for which she is entitled to the sum of One Hundred Twelve Dollars and Twenty-six Cents ($112.26). She is also entitled to temporary total disability from April 24, 1939 to August 8, 1939, this being a period of fifteen and two-sevenths (15 2/7) weeks amounting to the sum of One Hundred Thirty-four Dollars and Ninety-seven Cents ($134.97). She is also entitled to the sum of Sixty-seven Dollars ($67.00) for medical attention rendered her by Dr. Campbell, for which she became liable, making a total due her of Three Hundred Fourteen Dollars and Twenty-three Cents ($314.23), from which must be deducted the sum of Fifty-two Dollars and Fifty Cents ($52.50), which was paid said claimant by Respondent for non-productive time after said injury was sustained, leaving a balance due said claimant, including her medical expenses, of Two Hundred Sixty-one Dollars and Seventy-three Cents ($261.73).

Award is therefore hereby entered in favor of claimant for the sum of Two Hundred Sixty-one Dollars and Seventy-three Cents ($261.73).

8

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.