(No. 3605—)

MAURICE BREMER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

THEODORE W. HINDS, for claimant.

GEORGE F. BARRETT, Attorney General; BEN F. RAILSBACK, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant, Maurice Bremer, filed his complaint in this court on the 1st day of May, 1941, wherein he avers that he is a resident of Pontiac, Livingston County, Illinois, and that on the 19th day of December, 1938, while employed by the Department of Conservation of the State of Illinois, as investigator, and while in the exercise of due care and diligence in regard to his health and physical well being, and while in the course of his employment on the said day was injured while changing a tire on an automobile then being used by claimant in the performance of his duties for the respondent.

That as a result of said injury aforesaid, claimant's hand was permanently injured and partially disabled for all time,

and that in particular the thumb of the hand was and is rendered useless, and that the whole hand, as a proximate cause therefrom, has but a fraction of its former facility for doing the duties for which it had grown accustomed, and that such injury will materially affect claimant's chances for private employment, if such should become necessary in such lines of work to which he had become accustomed, and experienced.

That at the time of said injury claimant was being paid a salary by the respondent in the sum of One Hundred Ten ($110.00) Dollars per month. That all doctor and hospital bills were paid by the Department aforesaid. Claimant asks damages against the respondent in the sum of Five Hundred ($500.00) Dollars, for permanent damages sustained as aforesaid.

This action was not commenced in this court until May 1, 1941.

Paragraph (6) of Section (6) of the Court of Claims Act provides as follows:

"The Court of Claims shall have power to hear and determine the liability of the State for accidental injury or death suffered in the course of employment, by an employee of the State, such determination to be made in accordance with the rules prescribed in the Act, commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duties relative thereto."

We must, therefore, consider Section (24) of the Compensation Act, and this section provides that:

"No proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

The respondent did not pay the claimant any compensation during the period of his recovery.

In the case of the *City of Rochelle* vs. *Industrial Commission*, 332 Ill. 386, the court held:

"The making of a claim for compensation as provided in Section (24) of the Compensation Act is jurisdictional and a condition precedent to the right to maintain proceedings under the Act, and whether a claim for compensation has been made is a question of fact, to be determined as any other similar question."

Again, in *Lewis* vs. *Industrial Commission*, 357 Ill., 309, it was held that:

"The making of a claim for compensation within the statutory period is jurisdictional and a condition precedent to the right to maintain a proceeding under the Compensation Act."

This complaint shows on its face that the purported injury of claimant occurred on the 19th day of December, 1938, and the complaint was filed in this court on the 1st day of May, 1941, more than one year subsequent to said purported injury.

Under the authorities herein cited this court has no jurisdiction in this case, and an award is accordingly denied.